NOT FOR PUBLICATION                                    [Dkt. No. 25]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

RAHIM CALDWELL,

        Plaintiff,

    v.                                        Civil No. 08-5920 (RMB)

THOMAS M. PERROTTI, ROBERT                **MEMORANDUM & ORDER**
ROBBINS,

        Defendants.

      THIS MATTER comes before the Court upon Defendants' motion to dismiss the Complaint for Plaintiff's failure to answer Defendants' interrogatories and notice to produce pursuant to New Jersey Court Rule 4:23-5.

      Defendants sent Plaintiff their initial interrogatories and notice to produce on January 20, 2009, and supplemental interrogatories on January 23, 2009. (Rothman Certification ¶¶ 3-4). Plaintiff failed to respond to any of these discovery requests by the February 26, 2009 and March 26, 2009 deadlines. On June 6, 2009, Defendants re-sent Plaintiff copies of all the prior discovery requests. (Id. ¶ 7). To date, Plaintiff has still not answered the requests. Rather, he argues in his opposition to Defendants' motion to dismiss that he already

"informed the defendants on July 24, 2009 that plaintiff is exempt from depositions, interrogatories, and disclosures." (Pl. Opp.). Plaintiff is referring to a July 24, 2009, letter he filed in which he unilaterally determined that he is "exempt from participating in a deposition" because he "is undercourt [sic] Rule 26(B)(I) [sic] an action for review on an administrative record and rule 26(B)(VIII) [sic] a proceeding ancillary to a proceeding in another court." [Dkt. No. 24].

Rule 26(a)(1)(B) provides that certain proceedings are exempt from initial disclosure – <u>inter</u> <u>alia</u>, an action for review on an administrative record and a proceeding ancillary to a proceeding in another court. Fed. R. Civ. P. 26(a)(1)(B). As an initial matter, the Court questions whether either of these exemptions actually applies to Plaintiff's case. Regardless of that issue, however, Rule 26(a)(1)(B) does not render Plaintiff exempt from answering interrogatories or being deposed, contrary to Plaintiff's conclusion. <u>Plaintiff is required to respond to Defendants' interrogatories and notice to produce and he will also be required to submit to depositions</u>. Indeed, a continued failure to provide discovery will result in dismissal of the case, as permitted by Fed. R. Civ. P. 37(d)(3). <u>See, e.g.</u>, <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639 (1976) (upholding district court's dismissal of case based on plaintiff's failure to answer written interrogatories

timely); Azkour v. Aria, 2009 WL 1416692 (3d Cir. May 21, 2009) (affirming district court's dismissal of case due to plaintiff's failure to comply with discovery orders).  If Plaintiff wishes to avoid dismissal of this case for failure to provide discovery, he must promptly notify the Court that he will comply with the discovery rules and requests.

    Accordingly, IT IS HEREBY **ORDERED** that the Plaintiff shall advise the Court in writing by **August 31, 2009** that he will comply with all discovery rules and requests.  Failure to do so will result in dismissal without prejudice and the case will remain closed unless and until Plaintiff thereafter advises the Court that he intends to comply with the discovery rules and requests.

Dated:   August 24, 2009          s/Renée Marie Bumb
                                           RENÉE MARIE BUMB
                                           United States District Judge